UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY KEYHEA,<br><br>              Plaintiff,<br><br>     v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br><br>              Defendant. | Case No. EDCV 13-518 BRO(JC)<br><br>MEMORANDUM OPINION AND<br>ORDER DISMISSING ACTION |

On March 29, 2013, plaintiff Timothy Keyhea who is proceeding *pro se*, filed a Complaint for Review of Social Security Decision ("Complaint").

On April 2, 2013, the Court issued a Case Management Order ("April Order") advising plaintiff that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, his time to effect service of the summons and complaint would expire within 120 days of the filing of the Complaint, *i.e.*, on July 29, 2013. The April Order directed plaintiff to file proofs of service within the 120-day period, and expressly afforded plaintiff notice that his failure to effectuate proper service by July 29, 2013, may result in dismissal of the action without prejudice by reason of plaintiff's failure to prosecute, unless plaintiff could show good cause for extending the deadline. Plaintiff did not timely file any proofs of service.

Accordingly, on August 6, 2013, this Court issued an Order to Show Cause Re Dismissal for Failure to Prosecute ("OSC") directing plaintiff, by no later than August 20, 2013, to show cause in writing, if there be any, why service was not made on defendant by July 29, 2013, and why this case should not be dismissed without prejudice for failure to effectuate service, lack of prosecution, and/or failure to comply with the April Order.  The OSC expressly cautioned plaintiff that the failure timely to respond to the OSC or to show cause, may result in the dismissal of this action without prejudice for failure to effectuate service, lack of prosecution, and/or failure to comply with the April Order.  To date, plaintiff has failed to effectuate service on the defendant, failed to file any proof of service, failed to respond to the OSC, and failed to show any good cause therefor.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part:
> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be effected within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

To show good cause for a delay in effecting service, a plaintiff generally must show "that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." Vinegar v. United States Marshals Service, 1996 WL 227860, at *4 (S.D. Cal. Mar. 27, 1996) (citation and internal quotations omitted). *Pro se* status does not excuse a litigant's complete failure to effect service. See Systems Signs Supplies v. United States Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  Here, plaintiff has failed to effectuate service within 120 days of filing the Complaint, and has been afforded notice that

his failure timely to effectuate service or to show good cause for failing to do so may result in dismissal of this action. To date, plaintiff has not shown good cause for such failure.

Moreover, it is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

This Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal since plaintiff has not effected service of the Complaint, has not filed proofs of service, has not filed a response to the OSC, and has not otherwise communicated with the Court regarding this matter. The Court cannot hold this case in abeyance indefinitely awaiting plaintiff's response to the Court's directives. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as this Court has already cautioned plaintiff of the consequences of failing to prosecute this action and afforded him the opportunity to
///

1  do so, and as plaintiff has not responded, no sanction lesser than dismissal is
2  feasible.
3      Accordingly, it is ORDERED that this action be dismissed for lack of
4  prosecution.
5  DATED: August 30, 2013



                          _____
                          HONORABLE BEVERLY REID O'CONNELL
                          UNITED STATES DISTRICT JUDGE